By the Court.
 

 A number of errors are assigned for consideration in this record:
 

 First-,' that the petition did not state facts sufficient to constitute a cause of action.
 

 Upon an examination of .the petition, we are disposed to think that a legal cause of action is stated therein, and apparently the pleading was not regarded as so defective by the plaintiff in error as to warrant the filing of a demurrer or motion; but an answer tendering the general issue was filed.
 

 The next question is, Was the prosecution of the defendant in error caused and carried on by the Pennsylvania Railroad Company, acting through its employees, Lancaster, Bussell, and Bowman, and, if the malicious prosecution was so caused and so carried on by the railroad company, does the doctrine of
 
 New York, Chicago & St. Louis Ry. Co.
 
 v.
 
 Fieback,
 
 87 Ohio St., 254, 100 N. E., 889, 43 L. R. A., (N. S.), 1164, prevent a recovery herein?
 

 There is testimony in the record tending to show that on the day in question the railroad police officer, Bussell, had a conference with the clerk, Bowman, after he had been assaulted by the persons he (Bowman) was attempting to drive away from
 
 *411
 
 the railroad company’s property, and that the police officer reported to his superior, Captain Lan caster, who told him to prosecute the action for the reason that he did not want his men beaten up while ¡protecting the Pennsylvania Railroad Company’s property. Russell also testified that Lancaster told him, “If you can get the goods on those men, prosecute them, and we will try and break up this stuff around the freight house,” and also said, “If you think you have the rigid men, try to get a conviction, if you can.” It is this testimony, together with other circumstances, that the defendant in error claims was sufficient to' entitle him to go to the jury upon the proposition whether or not plaintiff in error, acting through its agents, prosecuted the action against Deal.
 

 The plaintiff in error, upon the trial, at the close of the testimony of defendant in error, made a motion for a directed verdict in its favor, upon the ground that there was no testimony sufficient to go to the jury, claiming, among other things, that whatsoever was done by the police officer, Russell, was done in his capacity as a state official, acting by virtue of his office under his commission and appointment by the Grovernor, pursuant to the statutes.
 

 In this state of the record, was the trial court correct in submitting the matter to the jury?
 

 So much of the charge of the trial court as relates to this point is as follows:
 

 “I have said to you, ladies and gentlemen of the jury, that before the plaintiff can recover in this action, he must prove that he was arrested by the defendant. When you go into your jury room yon
 
 *412
 
 will inquire whether Mr. Bowman arrested and prosecuted the plaintiff alone and by himself, or whether defendant, Pennsylvania Railroad Company, prosecuted him and arrested him. If you find that he was arrested by Mr. Bowman and not by defendant, Pennsylvania Railroad Company, then you will find a verdict in favor of the defendant. If you find that he was not arrested by Mr. Bowman exclusively, but concurrently with the defendant, then you will inquire, ‘Did or did not the officer of the Pennsylvania Railroad Company, Mr. Russell, arrest him by virtue of his general authority as a police officer?’ If you find that he did so arrest him by virtue of his authority as a general police officer, and not as a special officer of the Pennsylvania Railroad Company, then you will find your verdict in favor of the defendant.
 

 “I will say to you that it is the law that a policeman and an officer such as Russell, although his appointment was upon the application of the Pennsylvania Railroad Company and his salary was paid by such company, nevertheless he is a public officer deriving his authority direct from the state, and his acts, whatever they are, will be presumed to have been performed in his capacity as such officer until such presumption is overcome by such evidence. So, ladies and gentlemen of the jury,, I charge you that Officer Russell in this alleged arrest of the plaintiff is presumed to have acted as a public officer, presumed to derive his authority direct from the state, and until that presumption is overcome by sufficient evidence — a preponderance of the evidence in this case — then the plaintiff could not recover.
 

 
 *413
 
 “If you find that that presumption that he was acting not as a public officer, deriving his authority direct from the state, but that he acted at the instigation or under the instructions of the company, or in his capacity as a special officer for the company, then this presumption has been overcome. That is to say, there must be a preponderance of the testimony sufficient to overcome the presumption that he acted here as an officer of the state, like any other policeman of the city, before you can find the verdict for the plaintiff. If this presumption is overcome by proof in this case that he performed this arrest by virtue of his being a special officer of the Pennsylvania Railroad Company and for the special protection of its property or its rights, then your verdict should be in favor of the plaintiff, and if you do so find the verdict for the plaintiff, then you will fix the damages at such an amount as will fully compensate him — no more or no less —the damages which you find he has sustained.”
 

 Prom the foregoing, it is apparent that the trial court submitted to the jury squarely the issue whether Russell, the police officer, was acting by virtue of his office, the same as any peace officer or policeman might have acted, or whether the acts occurred in the performance of an act which was outside the public duties of a policeman and which was authorized or ratified by the railroad company. This was a question of fact, and, under the instruction of the court, the jury found against the railroad company.
 

 In the instruction above quoted, the trial court stated the rule announced by this court in
 
 Railroad Co. v. Fieback, supra-.
 

 
 *414
 

 “A
 
 policeman who is appointed and commissioned by the Governor, under sections 3427 and 3428, Revised Statutes (General Code, Sections 9150 and 9151), although his appointment was upon the application of a railroad company and his salary is paid by such company, is a public officer, deriving his authority directly from the state; and his acts will be presumed to have been performed in his capacity as such officer, until such presumption is overcome by sufficient evidence.
 

 “A
 
 railroad company is not liable for the wrongful acts of such officer while acting by virtue of his office, unless such wrongful acts occurred in the performance of an act which was outside of the public duties of a policeman, and which was authorized or ratified by such company.”
 

 Applying this doctrine, we must conclude from the verdict of the jury upon the issue of fact that the officer was acting outside the public duties of a policeman, but within the scope of his employment, and that there was authority from his employer to cause the arrest in question.
 

 In 35 A. L. R., 645, is found an exhaustive annotation on the liability of private corporations for false arrest or imprisonment caused by their agents or servants, appointed by public authority. See, also,
 
 Kusnir
 
 v.
 
 Pressed Steel Car Co.,
 
 (D. C.), 201 F. 146; 5 Fletcher on Corporations, Section '3352; also, 7 Labatt’s Master and Servant (2d Ed.), Section 2477, where, after discussing the liability of the master for the torts of a servant employed as a special policeman, the author uses this language:
 

 
 *415
 
 “In every instance, therefore, the liability of the defendant is a question of fact, to be determined by the jury under appropriate instructions. ’ ’
 

 This paramount issue of fact between the parties having been determined by the jury adversely to the plaintiff in error, and there being testimony in the record to support such a conclusion, we find no such misapplication of the law to the facts as found as to ■ justify a reversal of this judgment. The charge of the trial court was such that the plaintiff in error cannot complain of its unfavorable character. Upon the entire record, we find no prejudicial error, and it becomes our duty to affirm the judgment of the court below.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Robinson and Matthias, JJ., concur.