## ERIE R. CO. v. JOHNSON.
### No. 7847.

Circuit Court of Appeals, Sixth Circuit.

Sept. 18, 1939.

Foote, Bushnell, Burgess & Chandler, of Cleveland, Ohio, for appellant.

Boyle, Boyle & Connor, of Warren, Ohio, for appellee.

Before HICKS, ALLEN, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

Appellee recovered a judgment against the Erie Railroad Company for alleged assault and battery, false imprisonment and malicious prosecution.

Appellant's liability was predicated upon the acts of certain police officers commissioned by the Governor of the State of Ohio, but compensated by appellant, pursuant to Sections 9150 and 9151 of the Ohio General Code. The latter Section provides, in part:

"Policemen so appointed, and commissioned severally shall possess and exercise the powers, and be subject to the liabilities of policemen of cities in the several counties in which they are authorized to act while discharging the duties for which they are appointed."

In cases arising under this statute, the Supreme Court of Ohio has held that there is a presumption that acts of such a police officer are performed in his official capacity and that such presumption persists until overcome by sufficient evidence. The burden is upon the plaintiff, who seeks to hold the railroad liable for the acts of such an officer, to establish not only that the alleged wrongful acts were performed outside his public duties, but that such acts were also either authorized or ratified by the railroad. New York, Chicago & St. Louis R. Co. v. Fieback, 1912, 87 Ohio St. 254, 100 N.E. 889, 43 L.R.A.,N.S., 1164; Pennsylvania R. Co. v. Deal, 1927, 116 Ohio St. 408, 156 N.E. 502.

The officers in this case were Herbert F. Hardesty, Charles C. Allen, and R. V. Barnt, the latter two being subordinate in rank to Hardesty. During an investigation, under the direction of Hardesty, of a reported theft of appellant's property, the officers arrested appellee, charged him with the theft and caused criminal proceedings to be instituted against him.

Evidence introduced by appellant indicated that such acts as the officers had committed were justified. However, the evidence favorable to appellee alone tended to establish the following facts:

On the night of August 28, 1936, appellee, a resident of Warren, Ohio, visited the home of a friend there to repair a radio, and, for that purpose, was carrying a pair of pliers. While he was returning to his home, it commenced to rain, and he sought shelter in an abandoned garage owned by the Refiners Oil Company. He had remained there about an hour when the three police officers appeared. Officer Allen immediately struck appellee several times with a stick, knocking him down; then shook and cursed him. Appellee was told that the officers were Erie Railroad detectives and that they wanted to know what he had done with the company's property which he had stolen. He was twice again assaulted, once en route to and again on arrival at the police station, where he was locked up. On the following morning, Officer Allen executed an affidavit charging appellee with breaking and entering a railroad car belonging to appellant. Upon trial, these charges were dismissed because of lack of evidence.

The foregoing is relied upon to establish that the acts of the officers were outside their public duties and authorized by appellant.

Appellee has argued that it may be inferred that the officers' chief interest was protection of appellant's property, and that Officers Barnt and Allen acted under the direction of their superior, Lieutenant Hardesty.

But, if these implications be conceded, appellee has not established appellant's responsibility. The presumption that the officers acted in the discharge of their official duties was not rebutted by showing that they were apparently engaged in the protection of appellant's property, inasmuch as that was a part of their official duty.

Had there been, however, any indication that these officers were not acting officially, there is no evidence whatever that their acts were authorized or ratified by appellant. Hardesty's supervision does not constitute such evidence; he was a police officer himself, presumed to be acting in his official capacity. But, if it had been shown, or could be inferred that he acted otherwise, there was no evidence that his acts were authorized or ratified by appellant.

There being no evidence whatever that appellant had authorized or ratified the acts of the officers, it was error to submit the case to the jury.

The judgment is reversed and the case remanded for a new trial. Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas.1914D, 1029.